UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HANWHA Q CELLS AMERICA INC., <br><br> *Plaintiff*, <br><br> v. <br><br> UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and CHRIS MAGNUS, in his official capacity as Commissioner of United States Customs and Border Protection, <br><br> *Defendants*. | Court No. 22-00305 |

**CONSENT MOTION FOR STAY OF PROCEEDINGS**

Plaintiff HANWHA Q CELLS AMERICA INC. ("Q CELLS") respectfully requests that the U.S. Court of International Trade ("Court") stay any further action in CIT Case No. 22-00305 until final resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.*, Fed. Cir. Case No. 2022-1392, including the resolution of any appeals. This stay will serve the interests of all parties to this litigation and the Court by avoiding unnecessary litigation and duplication of arguments and by minimizing administrative burdens and costs. In accordance with CIT Rule 7(f), the parties have conferred regarding the relief requested in this motion. On November 28, 2022, Counsel for the Defendants indicated via email that Defendants consent to the relief sought in this motion without prejudice to their ability to assert the statute of limitations or any other defense in responding to the complaint following the stay.

I.   **BACKGROUND**

In this action, Plaintiff challenges as unlawful Presidential Proclamation 10101 of

October 10, 2020, which imposed safeguard duties on Plaintiff's imports of certain crystalline silicon photovoltaic products. *See Proclamation No. 10101, To Further Facilitate Positive Adjustment to Competition From Imports of Certain Crystalline Silicon Photovoltaic Cells (Whether or Not Partially or Fully Assembled Into Other Products)*, 85 Fed. Reg. 65,639 (Oct. 16, 2020) ("Modification Proclamation"). Plaintiff alleges that the Modification Proclamation, which reimposed safeguard duties pursuant to Section 201 of the Trade Act of 1974, 19 U.S.C. §§ 2251, *et seq.* (the "Act"), on previously excluded bifacial crystalline silicon photovoltaic ("CSPV") solar panels, was issued in violation of Section 204 of the Act, 19 U.S.C. § 2254.

As Plaintiff indicated on its "Form 5 Information Statement" (ECF 2, at 2), this action involves legal and factual questions common to other cases, namely *JinkoSolar (U.S.) Inc., et al. v. United States, et al. ("Jinko"),* No. 22-00241 (Ct. Int'l Trade filed August 17, 2022) and *LONGi Solar Technology (U.S.) Inc. v. United States, et al. ("LONGi"),* No. 22-212 (GSK) (Ct. Int'l Trade filed July 19, 2022). Since filing its "Form 5 Information Statement," Plaintiff has identified additional cases with common legal and factual questions, namely *Canadian Solar (USA) Inc. v. United States*, No. 22-295 (GSK) (Ct. Int'l Trade filed Oct. 7, 2022); *Waaree Energies, Ltd. & ISS Global Forwarding Texas, Ltd. v. United States*, No. 22-296 (GSK) (Ct. Int'l Trade filed Oct. 7, 2022); *Shining Solutions, Inc. v. United States*, No. 22-301 (GSK) (Ct. Int'l Trade filed Oct. 12, 2022); *Light & Hope Energy Co., Ltd. v. United States*, No. 22-303 (GSK) (Ct. Int'l Trade filed Oct. 13, 2022); *JA Solar USA Inc. v. United States*, No. 22-304 (GSK) (Ct. Int'l Trade filed Oct. 14, 2022); *Trina Solar (U.S.) Inc. v. United States*, No. 22-306 (GSK) (Ct. Int'l Trade filed Oct. 14, 2022); *Astroenergy Solar v. United States*, No. 22-308 (GSK) (Ct. Int'l Trade filed Oct. 14, 2022).

As with those cases, this matter involves the legality of the Modification Proclamation, a

matter this Court ruled on in *Solar Industries Association et al. v. United States et al.* ("*SEIA*"), CIT Case No. 20-03941, and which is currently being litigated on appeal in Fed. Cir. Case No. 2022-1392. This Court has previously issued orders staying proceedings in *Jinko*, *LONGi*, *Canadian Solar*, and *Waaree Energies* pending resolution of the *SEIA* appeal. *LONGi,* Order Granting Unopposed Motion to Stay Proceedings, No. 22-212 (Ct. Int'l Trade Aug. 9, 2022), ECF 11; *Jinko,* Order Granting Unopposed Motion to Stay Proceedings, No. 22-241 (Ct. Int'l Trade Sept. 29, 2022), ECF 9; *Canadian Solar*, Order Granting Consent Motion to Stay, No. 22-295 (Ct. Int'l Trade Oct. 24, 2022), ECF 9; *Waaree*, Order Granting Motion to Stay, No. 22-296. (Ct. Int'l Trade Oct. 21, 2022), ECF 11. Staying the proceedings in this matter, as well, would serve the efficiency interests of all parties to this litigation and of the Court.

**II.     LEGAL STANDARD**

"{T}he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co*., 299 U.S. 248, 254 (1936). In deciding when a stay is appropriate, courts must "weigh competing interests and maintain an even balance" such that when there is "a fair possibility that {a} stay…will work damage to" another party, a movant must "make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. Still, though, courts "may properly determine that 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.'" *Diamond Sawblades Mfrs.' Coal. v. United States*, 34.C.I.T. 404, 406 (2010) (quoting *Levya v. Certified Grocers of Cal.*, 593 F.2d 857, 863-64 (9th Cir. 1979)).

In *RFI Refractories Liaoning Co. v. United States,* 35 C.I.T. 407 (2011), this Court

granted a stay absent a showing of hardship by the movant, since "briefing ha{d} already commenced" on another issue in a parallel matter that would "dictate the future course" of the case at hand. *Id.* at 411. Since a stay would "promote judicial economy and preserve the resources of the parties and the court," this Court found it appropriate to grant the request for a stay. *Id.*

### III.   ARGUMENT

Staying this case will promote judicial economy and preserve the resources of the parties and the Court without working damage or hardship to any party.

As mentioned above, central to this matter is the resolution of *SEIA*, which this Court has already adjudicated and is currently on appeal. The ruling of the Court of Appeals for the Federal Circuit on the legality of the Modification Proclamation directly impacts the matter before the Court now. Since those "independent proceedings…bear upon" this case, a stay presents the Court an opportunity to conserve judicial resources and those of the parties. *Diamond Sawblades,* 34 C.I.T. at 406.

Furthermore, a stay presents no hardship to the United States for three reasons. First, staying these proceedings would not impact the United States' ability to collect ongoing import duties. The United States has already collected the duties at issue under the Modification Proclamation.  Therefore, a stay would not prevent Defendant from collecting further import duties during the time a stay is in effect. Second, a stay ensures that the United States does not have to devote energy or resources to relitigating the very issue that it already did before this Court in *SEIA*. Granting a stay would allow the United States an opportunity to focus its efforts on the identical issues currently on appeal. Indeed, Defendants do not oppose this motion. Third, the *SEIA* appeal is well underway, with the briefing already completed and the case expected to

be scheduled for oral argument in the near future. *See* Docket, Fed. Cir. Case No. 2022-1392. The Government filed its reply brief on October 17, 2022. *See id.* Thus, staying this case would come with a definite end point, *i.e.*, when the *SEIA* appeal is conclusively resolved.

Because a stay presents no difficulties to the parties or this Court while preserving the time and resources of all, the Court should grant a stay.

### IV.   CONCLUSION

For the reasons above, Plaintiff respectfully requests that the Court stay further action in this case until final resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.*, Fed. Cir. Case No. 2022-1392.

Dated: November 28, 2022                     **/s/ John M Gurley**
                                             John M. Gurley
                                             Diana Dimitriuc Quaia
                                             Jessica R. DiPietro

                                             **ARENTFOX SCHIFF LLP**
                                             1717 K Street, N.W.
                                             Washington, DC 20006-5344
                                             Telephone: (202) 857-6301

                                             *Counsel for Hanwha Q CELLS America Inc.*

## UNITED STATES COURT OF INTERNATIONAL TRADE
## BEFORE THE HONORABLE GARY S. KATZMANN, JUDGE

|  |  |
|---|---|
| HANWHA Q CELLS AMERICA INC., | ) |
| *Plaintiff*, | ) |
| v. | ) Court No. 22-00305 |
| UNITED STATES, UNITED STATES CUSTOMS AND BORDER PROTECTION, and CHRIS MAGNUS, in his official capacity as Commissioner of United States Customs and Border Protection, | ) |
| *Defendants*. | ) |

## **ORDER**

Upon consideration of Plaintiff Hanwha Q CELLS America Inc.'s Motion for Stay of Proceedings ("Motion") and all the papers and proceedings herein, it is hereby

**ORDERED** that the Motion is **GRANTED**; and it is further

**ORDERED** that that the above-captioned action is **STAYED**; and it is further

**ORDERED** that the parties shall submit a joint status report to the Court no later than 30 days after the final and conclusive resolution of *Solar Energy Industries Ass'n, et al. v. United States, et al.,* Fed. Cir. No. 2022-1392, including any appeals.

**SO ORDERED.**

Dated: _____          _____
New York, New York                              The Hon. Gary S. Katzmann, Judge

AFDOCS:26528452.5